IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ernest Fenton, Law Office of Ernest B. Fenton, P.C. | ) ) | |
| Plaintiffs, | ) ) | No.: |
| v. | ) ) | (formerly Circuit Court of Cook County 13-L-066047) |
| Kelli Dudley; the Law Office of Kelli Dudley; Andrew Sidea; and the Law Office of Andrew Sidea, P.C. | ) ) ) ) | |
| Defendants. | ) | |

### NOTICE OF REMOVAL

Defendants, Kelli Dudley, Law Office of Kelli Dudley, Andrew Sidea, and Law Office of Andrew Sidea, P.C. (collectively, the "Defendants"), hereby remove Case Number 13-L-066047 for the Circuit Court of Cook County to the Federal Court for the Northern District of Illinois, Eastern Division, and as their grounds for removal state as follows:

### STATEMENT OF CASE

1. On or about July 3, 2013, Plaintiff filed a complaint in the Circuit Court of Cook County, Illinois styled as *Law Office of Ernest Fenton and Ernest Fenton v. Kelli Dudley, the Law Office of Kelli Dudley, Andrew Sidea, and Law Office of Andrew Sidea*, Case Number 2013-L-066047. A copy of the Complaint and any exhibits is attached as **Exhibit A**.

2. None of the Defendants has been served. Several days after a Motion for Injunctive Relief was filed in state court, the same was mailed to Law Office of Kelli Dudley and Law Office of Andrew Sidea. Nothing was mailed to Kelli Dudley or Andrew Sidea. A copy of the Complaint was obtained from the Clerk of Court.

3. The Complaint seems to attempt to assert causes of action for conversion, tortious interference with a business relationship, and defamation/slander.

4. By its own terms, the Complaint is filed because Defendants represent a homeowner in an action concerning the Fair Housing Act that is now pending in the Federal Court for the Northern District of Illinois, Eastern Division, *Tonya Davis v. Ernest B. Fenton, Law*

1

*Offices of Ernest B. Fenton, P.C., and Legal Services, Inc.*, 1:13-cv-03224. Specifically, Plaintiff's Complaint says, in paragraph 13: "On information and belief, Kelli Dudley and Defendants conspired to advance Mrs. (*sic*) Dudley's law practice by filing suits in federal (*sic*) court without regard of (*sic*) the substantive value of the same."

5. Defendants' are counsel for Plaintiff Tonya Davis in a lawsuit (**Exhibit B**) in Federal court which involves Ernest Fenton's, Legal Services, Inc.'s, and the Law Office of Ernest Fenton, P.C.'s rendering of legal services to Ms. Davis and involves the Fair Housing Act, 42 U.S.C. § 3601 *et. seq*, and the Civil Rights Act of 1866, 42 U.S.C. § 3601.

6. Plaintiff, in its Complaint and a Motion for Injunctive Relief, seeks to enjoin Defendants from further investigating the claim of their client, Tonya Davis, related to the Fair Housing Act and Civil Rights Act. **Exhibits A and C**. For example, the Complaint seeks to enjoin Defendants from using the Law Office of Ernest B. Fenton's name or talking to any former client of his without notice. The Fair Housing Act claim cannot be investigated without talking to colleagues, former clients, and other witnesses. Further, investigation cannot be done without uttering the firm's name. For that matter, Defendants could not stand up in open court and state the name of the party Ms. Davis is suing without violating the injunction. Plaintiff makes claims of slander, defamation, conversion of "policy, practices, and personal information" as well as "privileged attorney client information" and "luring" of former clients. Exhibit A, Complaint, Paragraphs 28, 29, 30, and 30.

7. Although Plaintiff makes claims related to Andrew Sidea's brief employment with Plaintiff's law firm, this employment relationship ended over two and a half years ago. The only time that Plaintiff has made any formal allegation of wrongdoing by Andrew Sidea was after the Federal Case was filed. It appears that the Law Division Case was filed in direct response to the Federal Case and the claims and issues raised therein.

8. The Complaint states Defendants have defamed Plaintiff since January 2012, yet the Complaint was only brought in July 2013, after the Fair Housing case was filed. **Exhibit A**, Complaint, Para. 9.

9. By its very nature, the Complaint is filed in retaliation for "filing suits in federal court" (**Exhibit A**, Complaint, Para. 13.), namely, a lawsuit pursuant to the Fair Housing Act.

10. The Fair Housing Act provides as follows:

    > It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title. 42 U.S.C. § 3617.

11. In her complaint, Ms. Davis, acting through Defendant attorneys, alleges violation of Section 3604 of the Fair Housing Act.

12. Because of Plaintiff's complaint, each Defendant can and will file in Federal Court a case under the Fair Housing Act, 42 U.S.C. § 1617, against each Plaintiff for filing a lawsuit in retaliation for their having "aided or encouraged" Ms. Davis in "the exercise or enjoyment of" her rights protected by Section 3604 and other sections of the Fair Housing Act.

### SUPPLEMENTAL JURISDICTION UNDER 42 U.S.C. § 1376

13. Because the Federal Case involves federal issues, namely the Fair Housing Act and Civil Rights Act, the Federal Court for the Northern District of Illinois had subject matter jurisdiction pursuant to 42 U.S.C. § 1331, which provides that, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

14. Federal courts have supplemental jurisdiction over all claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). *MJ & Partners Restaurant Limited Partnership v. Zadikoff,* 126 F.Supp.2d 1130 (N.D. Ill. 1999) (hereinafter "MJ & Partners").

15. The relevant inquiry in determining if supplemental jurisdiction arises under 28 U.S.C. §1367(a) is "a 'loose factual connection' between the counterclaims and the primary claims." *Id.* at 1134. "Factors familiar to the 28 U.S.C. § 1367 analysis, includ[e] concerns of judicial economy, convenience, fairness and comity." *Id.*

16. *MJ & Partners* involved initial claims based on alleged improper actions by the Defendant, followed by counterclaims by the defendant involving defamation and tortious interference with prospective business relationships. *Id.* at 1133.

17. The court reasoned that, "The factual allegations are intertwined to some extent and, at the very least, there is a loose connection between the parties' countervailing accusations." and concluded that the aforementioned factors were favorable in retaining supplemental jurisdiction over the counterclaims. *Id.* at 1134.
18. Where claims and counterclaims involve the same individuals and companies and the same basic subject matter, it would promote judicial economy to have these disputes tried together. *Patterson v. Dorrough,* 10 C 1491 (N.D. Ill. May 12, 2011) (discussing *MJ & Partners*).
19. The instant case was filed in the Circuit Court of Cook County following the filing of a federal case against Plaintiffs. **Exhibit B** (Federal Fair Housing Act Complaint).
20. The Circuit Court of Cook County case involves claims which, at their core, are based on alleged interaction with former clients or use of privileged information in the filing of the Federal Case, and attempts to impede Defendants' ability to interview witnesses and participate in Federal Court proceedings related to Tonya Davis' Fair Housing Act complaint.
21. The Circuit Court of Cook County case involves the same individuals and companies.
22. The counterclaims raised in the Law Division Case are intertwined factually, and more than loosely connected with the Federal Case.

## ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

23. Pursuant to 28 U.S.C. 1446, Defendants file herewith all papers served upon them. These are the papers in **Exhibits A and C**. Further, they are required to file all papers on file. They certify herewith that, in order to find out about the case against them, they obtained a copy of the papers in the Court file on July 11, 2013, and file them herewith. These are the papers in **Exhibit C** along with those in **Exhibit A**.
24. Defendants state they will provide copies of the Notice of Removal as required to the Plaintiffs and to the state court.
25. Defendants have not been served, so this Notice of Removal is more than timely under 28 U.S.C. 1446(b).
26. Venue is proper pursuant to 28 U.S.C. §§ 1331, 1367(a), and 1446(a) because the Federal District Court for the Northern District of Illinois, Eastern Division, embraces Cook County, Illinois, where the state court action was filed.

## CONCLUSION

27. By this Notice of Removal**,** Defendants do not waive any objections they may have as to service, jurisdiction, or venue, or any other defenses or objections they may have to this action.

                Respectfully Submitted,

                Kelli Dudley, Law Office of Kelli Dudley
                Attorney for Defendant Kelli Dudley and
                Defendant the Law Office of Kelli Dudley

Kelli Dudley/Law Office of Kelli Dudley
Attorney Number 40828
9130 South Houston, LL
Chicago, Illinois 60617
(312)771-9770

### CERTIFICATE OF SERVICE

Kelli Dudley, an attorney, on oath states:

I served this pleading and notice of filing by mailing a copy to the persons listed below at the addresses listed below by causing a true and correct copy to be deposited in the U.S. Mail at Chicago, IL 60617 at or before 5:00 pm on July 15, 2013:

Ernest Fenton
935 West 175th Street, Suite 1 South
Homewood, Illinois 60430

Law Offices of Ernest B. Fenton
935 West 175th Street, Suite 1 South
Homewood, Illinois 60430

                Kelli Dudley

Kelli Dudley
Law Office of Kelli Dudley
Attorney Number: 40828
9130 South Houston, LL
Chicago, Illinois 60617
(312)771-9770